DEPOT CARRIAGE & BAGGAGE CO. v. KANSAS CITY TERMINAL RY. CO. et al.

KANSAS CITY TERMINAL RY. CO. v. DEPOT CARRIAGE & BAGGAGE CO.

(Circuit Court, W. D. Missouri, W. D.   July 7, 1911.)

1. CARRIERS (§ 14*)—DEPOT PRIVILEGES—DISCRIMINATION—STATE STATUTES.
    The Missouri statute against discrimination has no application to a suit by a transfer company to compel a terminal railway and union depot company of a city to grant to it the right to maintain a booth and stand within the depot for the transaction of its business and to solicit the transfer of passengers and baggage, the greater part of which was interstate business.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 14.*

    Use of carrier's premises by hack and cab drivers, hotel runners, etc., see note to Donovan v. Pennsylvania Co., 57 C. C. A. 367.]

2. CARRIERS (§ 14*)—DEPOTS—TRANSFER BUSINESS—DISCRIMINATION.
    A union depot company in a city has a right to make an exclusive contract with a concern for the transfer of passengers in that city, and may lawfully refuse to grant others engaged in the same business an opportunity to use the depot and adjacent grounds to solicit patronage on equal terms.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 28–30; Dec. Dig. § 14.*]

In Equity. Suits by the Depot Carriage & Baggage Company against the Kansas City Terminal Railway Company and Union Depot

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Company, and cross-action by the Kansas City Terminal Railway Company against the Depot Carriage & Baggage Company. Decree for defendant and cross-complainant.

Samuel W. Moore and Samuel W. Sawyer, for Terminal Railway Co. and Union Depot Co.

H. E. Longenecker, for Depot Carriage & Baggage Co.

SMITH McPHERSON, District Judge. This is an application for a temporary injunction by the Kansas City Terminal Railway Company against the Depot Carriage & Baggage Company. The Carriage & Baggage Company for several years had a contract for an agreed rental to maintain a booth and stand inside of the Union Depot at Kansas City, Mo., for the sale of tickets and soliciting of business for the transfer of baggage and passengers from one depot to another, and between the Union Depot and hotels and residences in both Kansas City, Mo., and Kansas City, Kan. The greater part of this business was interstate business, as by far the larger per cent. of passengers, and the baggage thus desiring conveniences were and are of interstate passengers.

[1] The Carriage Company insists that, under a Missouri statute against discrimination, it has the same rights as any other person or company to maintain a booth and stand within the depot for the transaction of its business and soliciting the same. It is my opinion that such statute has no application whatever to the facts presented by this controversy. Railroad companies and union depot companies are engaged in business both for profit, and in a sense are private concerns. But in a much larger sense they are doing business of a public character and for the general public. The rights of the public are paramount to the rights of all other parties. All passengers demeaning themselves as they should have the right to ingress and egress to railway trains and all conveniences pertaining thereto, provided they pay the usual and customary and legal fares therefor. But it is both the moral duty, as it is the legal duty, of the railway companies and depot companies to adopt such reasonable rules and regulations as will provide for the comfort and convenience and transportation of the general public.

The Depot Carriage Company had a valid contract which was exclusive in its character, giving to it a monopoly of such business, and all other parties were prevented from having such conveniences or in any way enjoying any part of the said monopoly. The Depot Company claimed that the Carriage Company was not properly serving the public. This question is not ruled on because it is not the question. That contract was canceled by the Depot Company by giving 30 days' notice of its expiration, according to the terms and conditions of the contract. Thereupon a contract was made with the Blue Taxicab Company to furnish taxicabs and carriages and wagons for the transfer of baggage and persons as aforesaid, giving the Blue Taxicab Company the right to maintain a booth or stand within the depot and solicit the business of transferring passengers and baggage.

The Carriage Company insists that it is entitled to have an equal

privilege under a similar contract, by tendering and paying the rental therefor.

[2] The question is as to the right of the Depot Company to make a single contract with a single concern for the transaction of this business. It is a matter of general knowledge that it is exceedingly annoying to have a multitude of soliciting agents harassing passengers for transportation. Many of such soliciting agents are rough and uncouth, and become exceedingly offensive in their solicitations. Persons who travel but little are so bewildered as not to know what to do. Excessive charges are imposed upon them, and they are subjected to many inconveniences, and sometimes grievous annoyances, and often insults and greater wrongs. The general public has the right to be free from all these things.

The Supreme Court of the United States has determined these questions. The Express Cases, in 117 U. S. 1, 6 Sup. Ct. 542, 628, 29 L. Ed. 791, and Donovan v. Pennsylvania Company, 199 U. S. 279, 26 Sup. Ct. 91, 50 L. Ed. 192, have put these questions beyond debate. Transportation companies, such as express or carriage companies, do not have the rights, which must be enjoyed by the public at large, of being allowed egress and ingress at the railway stations. The railway company has the right to make the one contract with one concern to serve the general public at fixed and certain and reasonable charges for the transportation of persons and baggage from one depot to another, and from depots to hotels and residences and business houses. Under these decisions the question is not longer debatable.

The Depot Company and Terminal Company are awarded an order vacating the temporary injunction heretofore issued against them and are entitled to and will receive a temporary injunction preventing the Baggage Company from pursuing their vocation in and about the depot and its adjacent premises.