[Civ. No. 3534.   Second Appellate District, Division Two.—October 13, 1921.]

## M. H. GLASCOCK, Appellant, v. CHARLES L. WILDE, City Clerk, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—LOS ANGELES—ORDINANCES IMMEDIATELY EFFECTIVE — DENIAL OF RIGHT OF REFERENDUM. — Under the Los Angeles charter, ordinances of the kinds which are excepted by section 198g thereof from the operation of the thirty days clause, which includes those "for the immediate preservation of the public peace, health or safety," etc., take effect upon their publication, and the right of the people to exercise the referendum against them is denied.

[2] ID.—ABSENCE OF ORDINANCE UPON GIVEN SUBJECT—ASSERTION BY COUNCIL FINAL UNLESS FALSITY SHOWN BY POOOF.—When a city council, in the pursuit of its legislative duty, makes the assertion in an ordinance that the previous ordinances dealing with the same subject have been repealed, and that there is no ordinance in force relating thereto, that assertion demands the fullest respect and credence at the hands of the courts, unless its falsity is adequately demonstrated.

[3] ID.—INSUFFICIENT DENIAL OF EXISTENCE OF ORDINANCE—ASSERTION UNIMPEACHED.—In a court attack upon such ordinance, a mere denial that there was no ordinance in force relating to that subject, without any attempt to show by affirmative allegation what ordinances were in effect, does not adequately controvert the assertion made by the council, and the assertion of the council must stand as unimpeached and conclusive.

[4] ID.—SOLICITATION OF CUSTOM AND PATRONAGE AT RAILROAD DEPOT— URGENCY REGULATION—STATEMENT OF EMERGENCY.—The statement by the Los Angeles city council, in an ordinance prohibiting the solicitation of custom and patronage in railroad depots and upon railroad depot grounds and upon portions of the public streets adjacent thereto, regulating the solicitation of custom and patronage upon railroad trains and other vehicles operated as common carriers, and regulating the standing of vehicles upon depot grounds and portions of the public streets adjacent thereto, that there was no ordinance in force upon that subject, taken together with its assertion of the other matters and conditions which naturally and inevitably followed from the fact that there was no such ordinance, showed that there existed such a case of urgency as to authorize the city council, under section 198g of the charter, to provide that such ordinance take effect immediately upon its publication.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams and Seymour S. Silverton for Appellant.

Charles S. Burnell, City Attorney, and Wm. P. Mealey, Assistant City Attorney, for Respondent.

WORKS, J.—The petition in this matter demanded the issuance of a writ of mandate requiring defendant to perform certain official acts. A demurrer to the petition was sustained, whereupon an amended petition was presented. A demurrer to that pleading being likewise sustained, but without leave further to amend, judgment went for defendant and petitioner appeals. The sole question in the case is whether the demurrer to the amended petition was properly sustained.

The charter of Los Angeles provides, in section 198g, quoting only so much of it as is pertinent to our present inquiry, "No ordinance passed by the council shall go into effect until the expiration of thirty days from its publication, except [certain specified ordinances, and] an ordinance required for the immediate preservation of the public peace, health or safety, which shall contain a specific statement showing its urgency, and is passed by a three-fourths vote of the council." This language is contained in the portion of the charter securing to the people of the city the power to invoke the right of referendum and prescribing a system of procedure for the exercise of that right. The postponement for thirty days of the taking effect of ordinances, generally, is intended to furnish an opportunity for the circulation and filing of referendary petitions against them during that period. [1] Ordinances of the kinds which are excepted from the operation of the thirty days clause, including those "for the immediate preservation of the public peace, health or safety," etc., take effect upon their publication, and the right of the people to exercise the referendum against them is denied, therefore, by section 198g.

The city council of Los Angeles passed an ordinance entitled "An ordinance prohibiting the solicitation of custom and patronage in railroad depots and upon railroad depot

grounds and premises and upon certain portions of the public streets adjacent thereto; regulating the solicitation of custom and patronage upon railroad trains, cars, boats and vehicles operated as common carriers; regulating the standing of vehicles upon depot grounds and premises and upon portions of the public streets, in the city of Los Angeles, adjacent thereto; prescribing a penalty for the violation thereof, and declaring that the enactment thereof is urgently required for the immediate preservation of the public peace, health and safety.'' Following sections regulatory of the matters referred to in the title it was provided in section 9 of the ordinance that ''by reason of the fact that ordinance number 33,801 (new series), entitled: 'An ordinance regulating the business of soliciting custom or patronage upon the public streets, boats, railway trains and depots and providing for the issuance of permits therefor,' approved March 1, 1916, was expressly repealed by the provisions of section 2 of ordinance number 39,386 (new series), entitled: 'An ordinance regulating the business of soliciting patronage upon public streets,' approved September 23, 1919, and by reason of the repeal of ordinance number 39,385 (new series), entitled: 'An ordinance regulating soliciting upon railroad trains, prohibiting soliciting upon depot grounds and upon certain portions of the public streets adjacent thereto, regulating the standing of vehicles upon portions of the public streets and prescribing a penalty for the violation thereof,' approved September 23, 1919, there is now no ordinance of the city of Los Angeles in force or effect regulating the solicitation of custom and patronage in or about railroad depots and premises or upon public streets or sidewalks adjacent thereto, or regulating the solicitation of such custom and patronage upon trains, cars, boats and vehicles operated as common carriers, or regulating the standing of vehicles upon depot grounds or premises, or upon public streets adjacent thereto, and the absence of adequate prohibitory and regulatory legislation admits of, has resulted in, and will continue to result in the indiscriminate and unrestrained solicitation of custom and patronage upon such trains, cars, boats and vehicles and at and about such railroad depots and premises and upon public streets and sidewalks adjacent thereto, and the peace of the general public

will be disturbed and the safety of the general public will be greatly and seriously endangered, and the general public, but especially the traveling public, and more especially unaccompanied females arriving in the city of Los Angeles by rail, and otherwise, will be greatly annoyed, inconvenienced and harassed and their comfort, safety, welfare and health endangered thereby, for which said reasons this ordinance is urgently required for the immediate preservation of the public peace, health and safety, and the city clerk shall certify to the passage of this ordinance by a three-fourths vote of the city council and cause it to be published once in the Los Angeles Daily Journal, and thereupon it shall take effect and shall thereafter be in force.''

Before the expiration of thirty days after the passage of the ordinance appellant presented to respondent referendary petitions against the enactment. The petition in this matter alleges that these referendum petitions were in all respects according to law in form, and that they were presented to respondent in the manner required by law. It is also alleged that they contained the signatures of such a number of the qualified electors of the city as made it incumbent upon respondent to file and examine them and to certify and present them to the city council, these duties being required of respondent by the provisions of the city charter in proper cases. Upon due request therefor, respondent refused to perform the acts mentioned and the filing of the petition in this matter by appellant was the outcome of the refusal.

The question of the sufficiency of the petition for a writ of mandate turns upon two points: First, are the statements of fact made in the ninth section of the ordinance to be taken as true? Second, if they are so to be taken, do they, together with the subject matter of the ordinance, show that it presented such a case or urgency as is contemplated by the above quoted provisions of section 198g of the city charter?

The statements of fact in section 9 which are principally of moment in treating the first question are those to the effect that, by reason of the repeal of certain designated ordinances, ''there is now no ordinance of the city of Los Angeles in force or effect regulating'' the matters which are the subject of the enactment sought by appellant to be

set aside by the referendum. If this statement is true the assertions made immediately following it are necessarily true. To be more specific, if it be true that at the time of the passage of the ordinance now under consideration there was in force in Los Angeles no ordinance covering the same subject matter, it necessarily follows that for lack of such legislation there must have resulted, and it is equally true that there would have followed, an "indiscriminate and unrestrained solicitation of custom and patronage" upon the means of conveyance mentioned in the ordinance and at and about the places referred to in it. It appears to us that it would follow, as well, from the absence of such regulatory legislation in a large city, that the peace of the general public would be disturbed; that the safety of the general public would be greatly and seriously endangered; that the general public, and especially the traveling portion of it, and more especially women travelers, would be greatly annoyed, inconvenienced, and harassed, and their comfort, safety, welfare, and health endangered.

[2] Therefore, was there, at the time of the passage of the attacked ordinance, no ordinance in force in Los Angeles upon the same subject? The assertion of the city council that there was not is necessarily of great weight. A city legislative body must always have the highest degree of knowledge as to what of its enactments have been repealed and what are still in force. When such a body, in the pursuit of its legislative duty, makes an assertion based upon that knowledge, the assertion demands the fullest respect and credence at the hands of the courts, unless its falsity be adequately demonstrated, if, indeed, the courts are not absolutely bound by it, which we need not now decide. Speaking on a somewhat similar subject, and having in mind a principle which is equally applicable here, this court said in *County of Los Angeles* v. *Dodge,* 51 Cal. App. 492 [197 Pac. 403]: "When the legislature, or a board of supervisors or city council engaged in the exercise of legislative functions, proceeds upon the assumption that a matter concerning which it acts is one affecting the public interest or designed to promote the general welfare, the assumption is conclusive upon the courts, unless it is plainly apparent to them that the view entertained by the legislative body is without just foundation."

[3] Appellant's petition for a writ of mandate does not adequately controvert the assertion made by the council, granting for the sake of argument that it might have been controverted at all. The pleading merely "denies that at the time of the enactment" of the ordinance in question here "there was no ordinance of the city of Los Angeles in force and effect, or force or effect, regulating the solicitation of custom and patronage, or custom or patronage, in or about the railroad depots or premises, or upon public streets or sidewalks adjacent thereto, or regulating the solicitation of such custom and patronage upon trains, cars, boats and vehicles or upon trains, or cars, or boats, or vehicles operated as common carriers, or regulating the standing of vehicles upon depot grounds or premises, or upon public streets adjacent thereto; petitioner denies that there ever was an absence of such legislation of any nature, whatsoever or at all." There was no attempt to show, by affirmative allegation in support of petitioner's contention, what ordinances were in force upon the subject in question. In short, the petition treated the assertion of the council merely as if it were contained in a pleading of a private adversary in an action at law, not as the formal statement of a fact peculiarly within its knowledge made by a public legislative body in the performance of its duty. Such a treatment does not meet the exigencies of the occasion. The assertion of the council must stand as unimpeached and conclusive.

[4] Having arrived at this determination, the remaining question is easy of solution. It is, in fact, practically settled by what we have said in discussing the first question, for we have already expressed the view that the other matters stated in section 9 naturally and inevitably follow from the assertion that there was not in force in Los Angeles, at the time of the passage of the assailed ordinance, any ordinance upon the same subject. Further, however, the ordinance now in question has already been before the first division of this court in a proceeding in which the point now before us, if not actually concluded, was in the mind of the court. It was there said: "The legislative body, presumably upon a sufficient investigation and knowledge of the situation existing, has determined that facts existed constituting an emergency, such that the peace and safety of the commu-

nity, and particularly the traveling public, required that appropriate legislation be immediately enacted. The facts recited in the ordinance are facts which reasonably might be held to constitute such emergency'' (*Ex parte Stratham*, 45 Cal. App. 436 [187 Pac. 986]). The courts have made frequent declaration concerning the harassing and annoying character of the unrestrained practices which it was the object of the ordinance in question to restrain and regulate (*Depot C. & B. Co.* v. *Kansas City T. Ry. Co.*, 190 Fed. 212; *Donovan* v. *Pennsylvania Co.*, 199 U. S. 279 [50 L. Ed. 1921, 26 Sup. Ct. Rep. 91, see, also, Rose's U. S. Notes]. See, also, *Redline T. Agency* v. *Southern Pac. Co.*, 3 Ops. & Ords. R. R. Comm. Cal. 526). We are satisfied that the ordinance was an urgency measure within the terms of section 198g of the Los Angeles charter. The demurrer was properly sustained.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.